IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PHILIP DOMINIC SALVIA,

    Plaintiff,

    v.                      Case No. 14-C-237

ADAM FELL, CHRIS WEISS,
AND DAVID DAVIS, in their
Individual Capacities,

    Defendants.

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

## ANSWER

The defendants, Wisconsin State Capitol Police Officers Adam Fell, Chris Weiss, and David Davies, in their individual capacities, by their attorneys, J.B. Van Hollen, Attorney General, and Maria S. Lazar, Assistant Attorney General, in response to the plaintiff's complaint, dated March 31, 2014, hereby admit, deny, and affirmatively state as follows:

### I. NATURE OF ACTION.

101. DENY that the defendants' enforcement of rules, regulations, and policies unlawfully restricted the plaintiff's right to freedom of the press upon any basis and DENY that the arrest of plaintiff was without probable cause.

Further STATE that the remaining allegations of paragraph 101 constitute a legal conclusion to which a further responsive pleading is not required.

## II.  JURISDICTION AND VENUE.

201. ADMIT paragraph 201.

202. ADMIT paragraph 202.

## III.  PARTIES.

A. <u>Plaintiff.</u>

301. Lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 301, and therefore, DENY the same, and put plaintiff to his proof thereon.

302-03. There are no paragraphs 302-03.

B. <u>Defendants.</u>

304. ADMIT paragraph 304.

305. ADMIT paragraph 305.

306. ADMIT paragraph 306.

## IV.  ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION.

401. ADMIT that on July 24, 2013, plaintiff was arrested, and received Citation No. P 414309, for being present at an unlawful event in the Wisconsin State Capitol Building, pursuant to the emergency rules which codified Wis. Admin. Code § Adm 2.14(2)(v), but assert that the citation speaks for itself and deny any characterization contrary to the express terms

of the citation. Further STATE that plaintiff was issued two warnings and told to leave because he was participating in an unlawful event. DENY the remaining allegations in paragraph 401.

402. Defendants ASSERT that Wis. Admin. Code § Adm 2.14, as it existed on July 24, 2013, speaks for itself; defendants further DENY any characterization of the administrative code contrary to its express terms.

403. ADMIT the allegations in paragraph 403. Further STATE that plaintiff was issued two warnings and told to leave because he was participating in an unlawful event.

404. DENY paragraph 404.

405. Lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 405, and therefore, put plaintiff to his proof thereon.

406. ADMIT that the standard police ten code for a "10-95" is: "I have a subject in custody."

407. ADMIT that State Capitol Police Officer and defendant Adam Fell advised plaintiff that he was under arrest on July 24, 2013.

408. ADMIT paragraph 408.

409. ADMIT paragraph 409.

410. Lack information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 410, and therefore, put plaintiff to his proof thereon.

411. ADMIT that defendant Fell restrained plaintiff with flex cuffs upon his arrest and that plaintiff was escorted to the Arrest Processing Center which is located in the basement of the Wisconsin Capitol Rotunda and that plaintiff went through the arrest processing which included the taking of his photograph. Defendants further ADMIT that plaintiff was issued citation P 414309 by defendant Fell on July 24, 2013, but assert that the citation speaks for itself and deny any characterization contrary to the express terms of the citation. Defendants further DENY that the citation was issued in violation of Wis. Admin. Code § Adm 2.14(2)(v) and DENY all remaining allegations in paragraph 411.

412. DENY paragraph 412.

413. DENY paragraph 413. Further STATE that no media credentials were found on plaintiff's person on July 24, 2013.

414. DENY paragraph 414. Further STATE that plaintiff was issued two warnings and told to leave because he was participating in an unlawful event.

415. ADMIT paragraph 415.

416. DENY paragraph 416.

417. ADMIT that plaintiff's citation was dismissed upon the State of Wisconsin's motion to dismiss. DENY the remaining allegations in paragraph 417.

## V. BASIS OF LIABILITY.

A. Facial Invalidity Under the First Amendment.

501. Defendants DENY paragraph 501. Moreover, further STATE that the allegations in paragraph 501 constitute legal conclusions.

B. Invalidity as Applied.

502-04. Defendants DENY paragraphs 502-04. Moreover, further STATE that the allegations in paragraphs 502-04 constitute legal conclusions.

C. Arrest without Probable Cause in Violation of Fourth Amendment.

505. Defendants DENY paragraph 505. Moreover, further STATE that the allegations in paragraph 505 constitute legal conclusions.

## VI. DAMAGES.

601. Defendants DENY paragraph 601.

602. Defendants DENY paragraph 602.

## VII. CONDITIONS PRECEDENT.

701. Defendants ALLEGE that this action is not a contract action and that there are no conditions precedent which must be plead with specificity for a contract. If, *arguendo*, contract conditions precedent are required in this action, defendants DENY that they have been performed by plaintiff.

# AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to assert that the administrative code sections are unconstitutional "as applied."

2. Defendants have qualified immunity from this lawsuit because their conduct in issuing the citations did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This defense "gives public officials the benefit of legal doubts." *Elliott v. Thomas*, 937 F.2d 338, 341 (7th Cir. 1001), cert. denied sub nom., *Probst v. Weir*, 502 U.S. 1074 (1992).

3. Wisconsin Admin. Code §§ Adm 2.01-2.14 are not unconstitutional as applied to this plaintiff, nor are they unconstitutional on their face. Thus, they are not void.

4. Defendants acted in good faith and in accordance with established laws and administrative rules.

5. The Department of Administration has a substantial governmental interest in promulgating and enforcing the statute and administrative code sections at issue here. Those laws directly advance that governmental interest and they are not more extensive than necessary to serve that interest.

6. The administrative code sections are narrowly tailored to serve a significant government interest. *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984). Moreover, the Legislature and the defendants have chosen reasonable methods to meet that significant government interest and such judgment is entitled to substantial deference. *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622, 665 (1994).

7. As with all citizens, the plaintiff's constitutional rights are not absolute. The First Amendment does not guarantee the right to communicate one's views at all times and places, or in any manner that may be wished. *Heffron v. International Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). Moreover, "[t]o enforce freedom of speech in disregard of the rights of others would be harsh and arbitrary in itself." *Kovacs v. Cooper*, 336 U.S. 77, 88 (1949).

8. Defendants assert each and every defense that may be available to them regarding any claims made under the United States Constitution.

9. Assuming, *arguendo*, that the administrative code sections are susceptible to two constructions, by one of which constitutional questions arise and by the other of which such questions are avoided, the courts are

required to adopt the latter construction and to interpret the laws and rules so as not to render them unconstitutional or void.

WHEREFORE, defendants Wisconsin State Capitol Police Officers Adam Fell, Chris Weiss, and David Davies, in their individual capacities, demand judgment as follows:

1. Dismissing the complaint on its merits and with prejudice as to all causes of action.

2. Awarding defendants their costs and reasonable attorneys' fees.

3. Such other and further relief as the Court may deem appropriate.

Dated this 9th day of July, 2014.

        Respectfully submitted,

        J.B. VAN HOLLEN
        Attorney General


        s/ Maria S. Lazar
        MARIA S. LAZAR
        Assistant Attorney General
        State Bar #1017150

        Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-3519
(608) 267-2223 (fax)
*lazarms@doj.state.wi.us*